**Sekou DIAKITE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5703–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, P. Michael Truman, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Sekou Diakite, a native and citizen of Cote d'Ivoire, seeks review of the November 27, 2007 order of the BIA denying his motion to reopen. *In re Sekou Diakite*, No. A73 533 083 (B.I.A. Nov. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales*, 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu*, 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

With limited exceptions, a motion to reopen must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). In Diakite's case, because it is undisputed that his May 2007 motion to reopen was filed five years after the BIA's May 2002 decision, the BIA properly observed that his motion was untimely, unless he established that he was newly eligible for asylum based on changed circumstances arising in Cote d'Ivoire. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

We have no basis on which to overturn the BIA's conclusion that Diakite's decision to change his party affiliation in 2000, after the IJ denied his original asylum application in 1996, was a change in his personal circumstances that did not demonstrate changed conditions arising in Cote d'Ivoire. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005). To be sure, an applicant may establish eligibility for asylum solely on the basis of a likelihood of persecution on account of his political activities since arriving in the U.S. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 570 (2d Cir.2006). However, because Diakite filed an untimely motion to reopen his proceedings to reapply for asylum, he must first establish changed circumstances arising in Cote d'Ivoire. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

It was not improper for the BIA to take administrative notice of U.S. State Department sources discussing the March 2007 peace accord establishing a new transitional government in Cote d'Ivoire. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Diakite does not cite to any record evidence that would require us to overturn the BIA's conclu-

sion that, in light of the accord, he had not established that conditions in Cote d'Ivoire had changed such that his motion was exempt from the 90–day filing deadline. Accordingly, the BIA's denial of his motion as untimely was not an abuse of discretion. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot.